J-S77028-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                                            :   PENNSYLVANIA
                                            :
                v.                        :
                                            :
                                            :
TRAVIS JUSTIN WHITEHAWK      :
                                            :
              Appellant        :   No. 2065 EDA 2018

Appeal from the PCRA Order Entered June 26, 2018
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0003018-2010

BEFORE:   OTT, J., DUBOW, J., and STRASSBURGER*, J.

MEMORANDUM BY DUBOW, J.:                    **FILED MAY 02, 2019**

Appellant, Travis Justin Whitehawk, appeals *pro se* from the June 26, 2018 Order, entered in the Montgomery County Court of Common Pleas denying his second Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, as untimely.   Relying on **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), he challenges the application of a lifetime registration requirement, imposed pursuant to Megan's Law II that was in effect when he entered a negotiated guilty plea in 2011 to Involuntary Deviate Sexual Intercourse-Complainant Less than 16 years of Age ("IDSI").[1]   Because Appellant's Petition was untimely filed, we affirm the PCRA court's dismissal.

_____

[1] 18 Pa.C.S. § 3123(a)(7).

_____

\*   Retired Senior Judge assigned to the Superior Court.

On May 17, 2011, Appellant entered a negotiated guilty plea to one count of IDSI arising from a crime he committed on April 5, 2010, in exchange for the Commonwealth's withdrawal of nine additional charges. Pursuant to the plea agreement, the court sentenced Appellant to a term of 8 to 20 years' incarceration that same day. At the time Appellant pleaded guilty, IDSI was an enumerated offense under the then-current version of Megan's Law, commonly known as Megan's Law II, requiring Appellant to register as a sex offender for the remainder of his lifetime. *See* 42 Pa.C.S. § 9795.1(b)(2) (expired).[2]

On May 24, 2011, Appellant filed a Motion to Withdraw Guilty Plea, which the trial court denied on May 26, 2011. On June 10, 2011, the court denied Appellant's Motion for Reconsideration of Sentence. Appellant did not file a direct appeal from his Judgment of Sentence. Thus, Appellant's Judgment of Sentence became final on July 11, 2011. *See* 42 Pa.C.S. § 9545(b)(3) (providing "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and

---

[2] The Sexual Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S.A. §§ 9799.10-9799.41, became effective on December 20, 2012. SORNA replaced Megan's Law as the statute governing the registration and supervision of sex offenders. SORNA increased the registration period for certain crimes, but the lifetime registration requirement for those convicted of IDSI remained the same. *Compare* 42 Pa.C.S. § 9795.1(b)(2) (expired) *with* 42 Pa.C.S. § 9799.14(d)(4) and § 9799.15(a)(3). SORNA was recently amended by H.B. 631, 202 Gen. Assem., Reg. Sess. (Pa. 2018), Act 10 of 2018 ("Act 10").

the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review[ ]").

On August 24, 2015, Appellant filed an untimely first PCRA Petition. The PCRA court appointed counsel who, on December 4, 2015, sought to withdraw. On December 12, 2015, the PCRA court notified Appellant of its intent to dismiss his Petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant filed a *pro se* response to the court's Rule 907 Notice wherein he challenged the legality of his sentence. On January 8, 2016, the PCRA court permitted counsel to withdraw and dismissed Appellant's PCRA Petition. This Court affirmed the PCRA court's Order on August 24, 2016. *See Commonwealth v. Whitehawk*, 146 A.3d 266 (Pa. Super. 2016).

On March 9, 2018, Appellant filed *pro se* the instant PCRA Petition, his second. In this Petition, Appellant claimed that his SORNA registration requirements are unconstitutional pursuant to *Muniz*, *supra*.[3] Petition, 3/9/18, at 4. He further claimed that, under contract law theories, the increased reporting requirements struck down by *Muniz* essentially violated his "plea agreement contract" with the Commonwealth, and since the Commonwealth breached the contract, Appellant is entitled to have his guilty plea withdrawn and his sentence reconsidered. *Id.*

_____

[3] In *Muniz*, decided on July 19, 2017, the Pennsylvania Supreme Court determined that retroactive application of SORNA's registration requirements violates the *ex post facto* clause of the Pennsylvania Constitution. Thus, the Court declared SORNA unconstitutional when applied to defendants who were convicted of crimes committed before SORNA's effective date. In response, the Legislature amended SORNA with Act 10.

The PCRA court appointed Patrick J. McMenamin, Jr., Esquire to represent Appellant. Attorney McMenamin subsequently filed a Petition to Withdraw as Counsel and a **Turner**/**Finley** "no merit" letter.

On June 1, 2018, the PCRA court granted counsel's Petition to Withdraw and notified Appellant of its intent to dismiss his Petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant filed a *pro se* Response to the court's Rule 907 Notice in which he reiterated the claims he raised in his Petition. **See** Response, 6/10/18, at 2. He also asserted that Attorney McMenamin was ineffective "for standing behind **Turner**/**Finley**," and stated that Appellant "never wanted to challenge the retroactivity aspects of **Muniz**, **supra**, in [a]ppeals or [p]ost-[c]onviction proceedings." Response at 4. Rather, his position has always been that because SORNA is unconstitutional, its registration requirements cannot be applied to him. **Id.** He further stated that he "went into a contract with the Commonwealth for a limited time, not a lifetime," and sought specific performance of his plea agreement with the Commonwealth. **Id.** at 4-5.

On June 26, 2018, the PCRA court dismissed Appellant's Petition. This timely *pro se* appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following two issues on appeal:

1. Did the Commonwealth err in passing Act 10, violating the *ex post facto* laws?

2. Was appellate counsel, Mr. McMenamin, ineffective assistance of counsel for failing to investigate [Appellant's] case, thus prematurely filing a *Turner/Finley* letter?

Appellant's Brief at iii (unpaginated) (reordered for ease of disposition).

In his first issue, Appellant claims that the Commonwealth of Pennsylvania erred in passing Act 10, and challenges the application of SORNA's registration requirements as unconstitutional after *Muniz*. Appellant's Brief at 9-18.

"Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the record evidence and free of legal error." *Commonwealth v. Root*, 179 A.3d 511, 515-16 (Pa. Super. 2018) (citation omitted). This Court grants great deference to the findings of the PCRA court if they are supported by the record. *Commonwealth v. Boyd*, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012).

In order to obtain relief under the PCRA, a petition must be timely filed. *See* 42 Pa.C.S. § 9545 (providing jurisdictional requirements for the timely filing of a petition for post-conviction relief). A petition must be filed within one year from the date the judgment of sentence became final. *Id.* at Section 9545(b)(1). The PCRA, however, provides exceptions to the timeliness requirement in certain circumstances. 42 Pa.C.S. §9545(b)(1)(i)-(iii). In addition to establishing the elements of a timeliness exception, a petitioner must also establish that he filed his PCRA Petition within 60 days of the date

he could have presented his claim. 42 Pa.C.S. § 9545(b)(2). Appellant's Petition, filed more than 6 years after his Judgment of Sentence became final, is facially untimely.

Section 9545(b)(2) explicitly requires that any PCRA petition invoking one of the statutory exceptions to the time requirements of the PCRA "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S § 9545(b)(2).[4]

Appellant attempts to invoke Section 9545(b)(1)(ii) to overcome the PCRA's time bar. **See** 42 Pa.C.S. § 9545(b)(1)(ii) ("the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence)." However, Appellant has not explained which facts were previously unknown to him, how and when he learned such facts, and how they underlie the claim he advances here. Thus, Appellant has failed to overcome the PCRA's time-bar.

Appellant also attempts to invoke the exception set forth at Section 9545(b)(1)(iii). **See** 42 Pa.C.S. § 9545(b)(1)(iii) ("the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section as has been held by that court to apply retroactively.").

---

[4] Effective December 24, 2018, Section 9545(b)(2) now provides that, for claims arising on December 24, 2017, or after, "[a]ny petition invoking an exception . . . shall be filed within one year of the date the claim could have been presented."

Our Supreme Court decided **Muniz** on July 17, 2017. Appellant did not file the instant PCRA petition until March 9, 2018, which is obviously more than 60 days from the date of the decision in **Muniz**.

Even if Appellant had filed this Petition within 60 days of the Supreme Court's decision in **Muniz**, Appellant would still not be entitled to relief. Because Appellant's PCRA petition is untimely, the timeliness exception provided in Section 9545(b)(1)(iii) requires that he demonstrate that the Pennsylvania Supreme Court has held that the holding in **Muniz** applies retroactively. Because our Supreme Court has issued no such holding, Appellant cannot rely at this time on **Muniz** to meet that timeliness exception. **Commonwealth v. Murphy**, 180 A.3d 402, 405-06 (Pa. Super. 2018), *appeal denied*, 195 A.3d 559 (Pa. 2018). Thus, even if Appellant had filed his Petition within 60 days of the **Muniz** decision, he cannot satisfy this timeliness exception. Accordingly, we are without jurisdiction to address this issue.

In Appellant's second issue, which he initially raised in response to the PCRA court's Rule 907 Notice, Appellant baldly claims that his counsel was ineffective for failing to investigate his PCRA claims before seeking to withdraw. Although it is proper for a petitioner to raise an ineffectiveness of PCRA counsel claim in a response to the PCRA court's Rule 907 Notice,[5] Appellant failed to satisfy any of the exceptions to the PCRA's time-bar, and,

---

[5] **See Commonwealth v. Smith**, 121 A.3d 1049, 1059 (Pa. Super. 2015) (explaining that "the response [to the court's Rule 907 Notice] is [] the opportunity for the petitioner to object to counsel's effectiveness at the PCRA level").

thus, the PCRA court lacked jurisdiction to address the merits of Appellant's ineffectiveness claim. *See Commonwealth v. Walters*, 135 A.3d 589, 590-91 (Pa. Super. 2016) (reiterating that, because "the PCRA's timeliness requirements are jurisdictional in nature . . . courts may not address the merits of the issues raised in a petition if it is not timely filed"). We are, likewise, without jurisdiction to address this issue.[6]

In conclusion, Appellant has not pleaded and proved the applicability of any of the PCRA's timeliness exceptions and, therefore, we are without jurisdiction to consider the merits of this appeal. The PCRA court properly dismissed Appellant's Petition as untimely. The record supports the PCRA court's findings and its Order is free of legal error. We, thus, affirm the denial of PCRA relief.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/2/19

_____

[6] We note that Appellant baldly asserts that his PCRA counsel was ineffective without providing any specific arguments to support the claim. Thus, even if the trial court had jurisdiction to address Appellant's ineffectiveness claim, the trial court would have properly dismissed it because Appellant failed to substantiate his assertion.